IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAD BURGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | _____ |
| CODY ALLEN HOWELL, | § | |
| PENSKE LEASING AND RENTAL | § | |
| COMPANY, and OLMSTED KIRK | § | |
| PAPER COMPANY | § | |
| | § | |
| Defendants, | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331, Defendant Penske Leasing and Rental Company ("Penske Leasing") files this Notice of Removal, hereby removing this action from the 55th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Removal is based on federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(a).

## I.
## INTRODUCTION

1. Plaintiff Chad Burge filed his Original Petition on February 29, 2016 in the 55th Judicial District Court for Harris County, Texas, located at 201 Caroline, 9th Floor, Houston, Texas 77002. Plaintiff's Petition asserts several causes of action against Defendants Penske Leasing and Rental Company, Olmsted Kirk Paper Company incorrectly named as Olmsted Kirk Paper Company and Cody Allen Howell, arising out of an alleged car collision, for which Plaintiff seeks recovery of compensatory damages in between $200,000 and $1,000,000.

2. Plaintiff served Defendant Penske Leasing on March 18, 2016. See Ex. 2. Plaintiff served Defendant Olmsted Kirk through its registered agent on March 21, 2016. See Exhibit 3. At the time of this removal, Plaintiff has not served Defendant Cody Allen Howell. This Notice of Removal is being filed within thirty (30) days of service of the Citation and Original Petition on

Defendants Penske Leasing and is thus timely under 28 U.S.C. §1446(b).  Defendant Olmsted Kirk consents to this Removal and Defendant Howell's consent is not known nor required as he has not been served at the time of this removal.

## II.
## GROUNDS FOR REMOVAL

3. This is a case over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331, and which may be removed to this Court by Defendant due to federal question jurisdiction pursuant to 28 U.S.C. § 1441(a).

4. A case arises under federal law if a complaint establishes that either (1) federal law creates the cause of action or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006); *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008).

5. The presence or absence of a federal question is generally governed by the "well-pleaded-complaint" rule, which states that federal jurisdiction exists only when a federal question is presented on the face of the complaint. *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998). However, exceptions exist to prevent circumventing federal jurisdiction through careful phrasing of a plaintiff's claims.

6. Under the artful-pleading doctrine, a plaintiff is barred from framing its suit under state law and omitting federal claims.; *Rivet*, 522 U.S. at 475; *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Circuit 2008). When federal law completely preempts a plaintiff's state-law claim, removal is proper. *Id.*

7. In his original petition, Plaintiff made a claim against Penske Leasing as owner of the truck leased to Olmsted Kirk and allegedly involved in the accident. Penske Leasing is a Delaware Statutory Trust incorporated in Delaware and the owner of the particular vehicle in issue.  Penske Leasing is administered by Penske Truck Leasing, Co., L.P.  Penske Truck Leasing Co., L.P. is a limited partnership organized and registered in the state of Delaware.   Penske Leasing is the owner

of the vehicle in question and leased the vehicle in question to Defendant Olmsted Kirk Paper Company. Penske Leasing, through its trust administrator, is engaged in leasing motor vehicles including the vehicle in question. The only allegation against Penske Leasing is that as owner of the vehicle in question it "negligently entrusted the vehicle and duties and responsibilities to Defendant Howell." See, Plaintiff's Original Petition Section V. Though Plaintiff's pleading omits any allegation of leasing on the face of his petition, Plaintiff's claim against Penske Leasing is nonetheless completely preempted by the Graves Amendment, 49 U.S.C. § 30106 (the "Graves Amendment"). The Graves amendment generally exempts the owner of a leased vehicle from liability for alleged harm to a person or property arising out of the operation of a vehicle leased to a lessee and preempts Plaintiff's claims here. *Dubose v. Transport Enterprise Leasing, LLC, et al*, 2009 WL 210724 (M.D. FL. 2009). As Plaintiff's right to relief necessarily depends on a ruling regarding the applicability of the Graves Amendment, federal question jurisdiction is established.

### III.
### VENUE

8. Venue for removal proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Texas State District Courts of Harris County, Texas, the forum in which the removed action was previously pending.

### IV.
### PROCEDURAL REQUIREMENTS

9. Pursuant to 28 U.S.C. §1446(a) and Southern District of Texas Local Rule LR 81, the Notice of Removal has the following attachments:

Exhibit 1:   An index of matters being filed;

Exhibit 2:   Proof of Executed Process to Defendant Penske;

Exhibit 3:   Proof of Executed Process to Defendant Olmsted Kirk;

Exhibit 4:   Plaintiff Chad Burge's Original Petition

Exhibit 5:   The state court docket sheet;

Exhibit 6:   List of all counsel of record, including addresses, telephone numbers and

parties represented

10. Pursuant to 28 U.S.C.§ l446(d), written notices of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

11. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the District Clerk for the 55th Judicial District Court of Harris County, Texas promptly after filing of same.

## V.
## CONCLUSION

WHEREFORE, PREEMISES CONSIDERED, Defendants Penske Leasing and Rental Company and Olmsted Kirk Paper Company respectfully request that the above-captioned action now pending in the 55th Judicial District Court of Harris County, Texas be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully Submitted,

_____
KURT W. MEADERS
State Bar No. 13879900
PAUL M. LANAGAN
State Bar No. 24065584
MEADERS & LANAGAN
2001 Bryan Street, Suite 3350
Dallas, TX  75201-3068
Telephone: (214) 721-6210
Facsimile: (214) 721-6289
Email:  kmeaders@meaderslaw.com
          planagan@meaderslaw.com
Eservice: Efiling@meaderslaw.com
**ATTORNEYS FOR DEFENDANTS**
**PENSKE LEASING AND RENTAL COMPANY**
**AND OLMSTED KIRK PAPER COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of April 2016, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Southern District of Texas, using the CM/ECF system, which will send notification of such filing to the following and I have separately sent such notification to the below:

Anthony G. Buzbee
State Bar No. 24001820
The Buzbee Law Firm
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
Email: tbuzbee@txattorneys.com

_____
KURT W. MEADERS